**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 11-11095 GAO**

**ORLANDO GLIDERS, INC.,**
    Plaintiff,

**v.**

**CITY OF BOSTON, GREENWAY CONSERVANCY, BOSTON PARKS GROUP,** and **UNKNOWN DEFENDANTS,**
    Defendants.

# DEFENDANT, CITY OF BOSTON'S[1] MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

## I. INTRODUCTION

Defendant, City of Boston ("City"), hereby respectfully moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to have this Honorable Court dismiss the instant action for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The plaintiff's complaint fails to set forth any grounds for this Court to exercise subject matter jurisdiction over the instant action and similarly fails to allege any cognizable claims relative to plaintiff's challenges to a City ordinance regulating the use and operation of Electric Personal Assistive Mobility Devices ("EPAMDs") in the City. Accordingly, the plaintiff's action must be dismissed.

---

[1] The plaintiff further names as a defendant "Boston Parks Group," which the City assumes references the City of Boston Parks & Recreation Department since it is not aware of a "Boston Parks Group." The Boston Parks & Recreation Department is a department of the City and is not a separate entity subject to suit. See Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

**II.     PROCEDURAL AND FACTUAL BACKGROUND[2]**

On June 15, 2011, the Boston City Council passed "Docket # 0555," a proposed ordinance regulating the use of EPAMDs, including the Segway PT®, in the City ("the Ordinance").[3] See Boston City Council report, at Exhibit A.[4] On June 15, 2011, the mayor signed the Ordinance and it became law. See Ordinance, at Exhibit A. On June 17, 2011, the plaintiff, Orlando Gliders, Inc. ("Orlando Gliders") filed its complaint ("Complaint") and Motion for Temporary Restraining Order and Injunctive Relief in this Court, challenging the City's actions and naming the Greenway Conservancy, "Boston Parks Group," and "Unknown defendants" as additional defendants. See Complaint at p. 1.

On June 17, 2011, this Court denied Orlando Gliders' Motion for Temporary Restraining Order and Injunctive Relief as an ex parte application and directed it to serve the defendants with a motion for a preliminary injunction. As of the date of this motion, Orlando Gliders has not

---

[2] The Complaint fails to set out basic facts concerning the procedural history of this case and the subject matter of the Ordinance; the City thus cites to the Boston City Council report on Docket # 0555 and Ordinance and has attached them to this motion as Exhibit A. For the limited purposes of this motion, the City accepts the remaining facts alleged by Orlando Gliders as true.
[3] Throughout its Complaint, Orlando Gliders references the Ordinance as "Docket # 0555."
[4] Ordinarily, in assessing a Rule 12(b)(6) motion to dismiss, the Court may only consider facts contained within the four corners of the Complaint. If it takes into account facts in documents other than the Complaint, the Court will convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). However, an exception exists "for documents the authenticity of which [is] not disputed by the parties; for official public records; for documents central to the [Plaintiff's] claim; or for documents sufficiently referred to in the complaint." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "In assessing a rule 12(b)(6) motion to dismiss, [the court] may consider, in addition to the complaint itself, a limited array of additional documents such as any that are attached to the complaint and 'documents sufficiently referred to in the complaint.'" Giragosian v. Bettencourt, 614 F.3d 25, 28 (1st Cir. 2010), quoting Miss. Pub. Empl. Ret. Sys. v. Boston Sci. Corp., 523 F.3d 75, 86 (1st Cir.2008). As the Ordinance at issue is referred to throughout the Complaint and is central to all of plaintiff's claims, the City has included the text of the Ordinance for the court's consideration and requests that this court not convert this motion into a motion for summary judgment.

served the City with a motion for a preliminary injunction, and the City has begun to enforce the Ordinance.[5]  The City now moves to dismiss the Complaint in its entirety.

The Ordinance, titled "An Ordinance Regulating the Use of Personal Assistive Mobility Devices in the City of Boston" restricts the use and operation of EPAMDs on public property in the City.  See Exhibit A.  The Ordinance prohibits the use of EPAMDs on all public property in the City, including public ways, sidewalks, parks, plazas, bicycle paths, and other property either owned by or under the care, custody and control of the City.  See id.  Exceptions exist, however, for both tour operators that use EPAMDs in their tour operations and disabled individuals who use EPAMDs for mobility purposes.  See id.  Subject to certain annual licensure requirements and use restrictions, tour operators and their customers may use and operate EPAMDs on public streets in the City.  See id.  They may not use or operate EPAMDs on other public property in the City, including on sidewalks or in city parks.  See id.

Orlando Gliders, through its d/b/a Boston Gliders, operates EPAMD tours in the City. See Complaint, pp. 2-3.  In its Complaint, Orlando Gliders alleges a number of ways in which the Ordinance will harm its business, including that it "affects [its] ability to deliver its service that it has advertised and contracted with customers, vendors, and resellers."  Complaint, p. 1. Orlando Gliders requests that this Court "order the City of Boston to vacate this Docket # 0555" and to "order them to collect real data and facts from the entire tourism based tour providers to ensure a law is put in place to enhance and ensure all are safe."  Id. at p. 3.  It further asks this Court to "place a stay on proceedings on regulating the Segway PT in the city of Boston."  Id.

---

[5] The City began issuing written citations for violations of the Ordinance on August 2, 2011.  As of the date of this motion, the City has issued a number of citations to Orlando Gliders through its d/b/a, Boston Gliders.

### III.     STANDARD OF REVIEW

#### A.     Rule 12(b)(1) Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) "raises the fundamental question whether the federal district court has subject matter jurisdiction over the action before it." United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 n.6 (1st Cir. 2005).  The party invoking the court's jurisdiction bears the burden of proving that a basis for jurisdiction exists.  Kennedy v. Town of Billerica, 594 F. Supp. 2d 117, 121 (D. Mass. 2009).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff."  Id. at 122.  However, a plaintiff cannot assert a proper jurisdictional basis merely on "unsupported conclusions or interpretations of law."  Jackson v. Russo, 495 F. Supp. 2d 225, 228 (D. Mass. 2007), quoting Washington Legal Found. v. Massachusetts Bar Found., 993 F.2d 962, 971 (1st Cir. 1993).  Indeed, "[a]morphous and/or conclusory allegations that federal jurisdiction exists is not sufficient to survive a motion to dismiss."  Skillman v. Suffolk Jewelers & Pawnbrokers, 2010 WL 5099365, at *1-5, *3 (D. Mass. Dec. 7, 2010).  Where a plaintiff fails to show a basis for either federal question or diversity jurisdiction, the district court must dismiss the plaintiff's complaint.  See Kennedy, 594 F. Supp. 2d at 122.

#### B.     Rule 12(b)(6) Standard

A complaint or count therein must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) where it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  As with motions to dismiss for lack of subject matter jurisdiction, the court deciding a motion to dismiss under Rule 12(b)(6) is obliged to accept the plaintiff's well-pleaded facts as they appear, granting every reasonable inference in the plaintiff's favor.  Cooperman v. Individual, Inc., 171

4

F.3d 43, 46 (1st Cir. 1999).  However, this tenet is inapplicable to legal conclusions.  <u>Ashcroft</u> v. <u>Iqbal</u>, 556 U.S. ----, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,  plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 545 (2007) (citations omitted).  A plaintiff must set forth in its complaint "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable legal theory." <u>Gooley</u> v. <u>Mobile Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Iqbal</u>, 129 S. Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Id.</u>, citing <u>Twombly</u>, 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  <u>Id.</u>

Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  <u>Iqbal</u>, 129 S. Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 557.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'-'that the pleader is entitled to relief.'  <u>Id.</u>, citing Fed. R. Civ. P. 8(a)(2). Within this analytical framework, Orlando Gliders has failed to plead facts supporting its claim

of this Court's jurisdiction over the instant action, or facts sufficient to state a plausible claim against the City.

## IV.   ARGUMENT

### A.   The Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(1) because Orlando Gliders Has Failed to Allege Any Basis for this Court to Exercise Subject Matter Jurisdiction Over the Action.

The Complaint must be dismissed where Orlando Gliders has failed to allege any basis for this Court to exercise subject matter jurisdiction over the action. Federal district courts may exercise jurisdiction over a claim arising under federal law, see 28 U.S.C. § 1331, and over actions where the amount in controversy exceeds $75,000 and where there is complete diversity of citizenship among the adverse parties. See 28 U.S.C. § 1332. Orlando Gliders has provided no basis from which this Court may find that either federal question or diversity jurisdiction exists; thus, Orlando Gliders has failed to meet its burden and cannot sustain its action.

Orlando Gliders does not allege either in the Complaint or on the Civil Cover Sheet accompanying the Complaint that diversity jurisdiction exists.[6] On the contrary, in the Complaint, Orlando Gliders acknowledges that there is no diversity of citizenship between the parties, alleging that it (doing business as Boston Gliders) "is a licensed company in the City of Boston since 2008" and that "all parties have offices and or are located in Suffolk County in the city of Boston." Additionally, Orlando Gliders does not allege any amount in controversy—in fact, it asserts no monetary loss or damage at all, see Complaint, p. 1, and thus has failed to prove that jurisdictional requirement. See Barrett v. Lombardi, 239 F.3d 23, 30 (1st Cir. 2001), quoting St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289 (1938) (noting court may dismiss action for lack of amount in controversy when, "from the face of the pleadings, it is

---

[6] Orlando Gliders lists the basis of jurisdiction on the Civil Cover Sheet as "U.S. Government Plaintiff," which clearly does not apply.

6

apparent to a legal certainty . . . that the plaintiff never was entitled to recover" an amount equal to or exceeding the amount necessary to confer jurisdiction). Thus, diversity jurisdiction does not exist.

Orlando Gliders also fails to assert any grounds for federal question jurisdiction, other than providing a vague reference to a federal statute that falls far short of satisfying the Iqbal pleading requirement that a viable complaint must state a plausible claim for relief. See Iqbal, 129 S. Ct. at 1949. Federal question jurisdiction "arises under federal law within the meaning of 28 U.S.C. § 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." Skillman, 2010 WL 5099365 at *2. Therefore, the court's exercise of federal question jurisdiction is restricted to "instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint." Id.

The Complaint is devoid of any reference to federal law, except for the unsupported conclusory allegation that the Ordinance violates "the private user with rules that violate the guidelines and laws of the ADA." Complaint, p. 2. This vague reference to the "ADA," an acronym the City assumes refers to the Americans with Disabilities Act ("ADA"),[7] is insufficient to permit this Court to infer that Orlando Gliders is "entitled to relief." See Fed. R. Civ. P. 8(a)(2). At a minimum, to set forth a plausible claim, Orlando Gliders would have to plead facts concerning each element necessary to sustain a cause of action under the ADA, see Gooley, 851 F.2d at 515, as well as to identify the particular provision of the ADA governing its claim, which could have specific jurisdictional prerequisites.[8] Further, even assuming Orlando

---

[7] The reference is unclear, however, as other federal statutes, including the Age Discrimination Act (41 U.S.C. §§ 6101-6107) are identified by the acronym "ADA."
[8] For example, a plaintiff seeking to bring a claim under Title I of the ADA must exhaust administrative remedies, such as filing a claim with the Equal Employment Opportunity Commission, prior to filing an action in federal court. See Bonilla v. Muebles J.J. Alvarez, Inc.,

Gliders had identified with specificity the particular ADA provision under which it brings this action, and had properly pled facts supporting each element, it still lacks standing to bring a claim under the ADA on behalf of third party "private users" where it has pled no specific facts alleging its associational or representative standing—at a minimum, it would have to plead "the existence of a harm that 'directly' affects one or more of its members."  See Rolland v. Cellucci, 52 F. Supp. 2d 231, 241 (D. Mass. 1999) (citations omitted); see also McInnis-Misenor v. Maine Medical Ctr., 319 F.3d 63, 69 (1st Cir. 2003) ("The ADA does not permit private plaintiffs to bring claims as private attorneys general to vindicate other people's injuries."). Orlando Gliders cannot therefore rely on a claim under the ADA to confer jurisdiction on this Court.

Similarly, the fact that Orlando Gliders lists "Title 42 Section 1981" under the "Cause of Action" section on the Civil Cover Sheet does not establish federal question jurisdiction.  Even if this Court excused Orlando Gliders' failure to reference Section 1981 in the Complaint and to include any factual support for that claim, *and* accepted the inference that Orlando Gliders intended Section 1981 to form the basis of its action, there is no possibility of recovery under that statute.  Section 1981 "assures that the right to contract in the United States is free of any racial discrimination."  Alston v. Commonwealth of Massachusetts, 661 F. Supp. 2d 117, 123 (D. Mass. 2009).  To successfully allege a Section 1981 violation, the plaintiff must "allege purposeful, intentional discriminatory treatment by the defendants."  Id.  Here, Orlando Gliders fails to allege in the Complaint any acts of discriminatory treatment by the City—and certainly does not allege any incidents of racial discrimination.  See Complaint.  Thus, Orlando Gliders

---

194 F.3d 275, 277 (1st Cir. 1999).  There is no such requirement, however, for claims brought under Title II of the ADA.  See Mitchell v. Massachusetts Dep't of Correction, 190 F. Supp. 2d 204, 210 (D. Mass. 2002).

cannot rely on this passing reference to the statute to establish a claim "arising under federal law." See 28 U.S.C. § 1331.  Where Orlando Gliders has failed to show a basis on which this Court may exercise either diversity or federal question jurisdiction, the Complaint must be dismissed.

> **B.** **The Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) because Orlando Gliders, a Corporation, May Not Bring in Action in this Court as a Pro Se Litigant.**

The Complaint must be dismissed because Orlando Gliders, a corporation, may not bring an action in the name of an individual who is not an attorney.  Corporations must be represented by licensed counsel in federal court proceedings.  Volumetric Imaging, Inc. v. Teledyne, Inc., 194 F.R.D. 373, 374-375 (D. Mass. 2000), citing In re Las Colinas Development Corp., 585 F.2d 7, 13 (1st Cir. 1978) ("Corporations, despite their pervasive role in our modern society, are not human beings . . . in court proceedings, they must be represented by a licensed attorney"); see Rule 83.5.3 of the Local Rules of the United States District Court for the District of Massachusetts (a person who is not an attorney is "allowed to appear and practice before the court only in his own behalf").  The Complaint is signed by an unknown individual[9] on behalf of "Orlando Gliders Inc. Pro-Se," and does not indicate that he or she is an attorney.  See Complaint at p. 4.  Thus, because Orlando Gliders is the sole plaintiff, and because it may not bring this action in a pro se capacity, it has failed to allege any claim upon which this Court may grant relief.  Accordingly, the Complaint must be dismissed.

> **C**. **The Complaint Must Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) because Orlando Gliders Has Failed to Plead Any Facts Supporting a Cognizable Claim for Relief.**

---

[9] While the illegible signature does not include a printed name, the City assumes that the signature belongs to Allan Danley, whose name appears on requests for waiver of service received by the City and who filed the Motion for Temporary Restraining Order and Injunctive Relief that accompanied the Complaint on behalf of Orlando Gliders.

The Complaint lacks basic facts to support any claim entitling Orlando Gliders to relief. Even the most solicitous reading of the Complaint fails to glean any cognizable cause of action. Instead, the Complaint contains wholly conclusory allegations that the Ordinance "violates the law" or "violates" several other unidentifiable mandates, including "the category of Consumer Product," and "Trade Restriction." See Complaint at p. 2. These ambiguous assertions, which completely lack any factual support, fail to set forth any facially plausible claim. See Iqbal, 129 S. Ct. at 1951. Orlando Gliders' vague assertions that that the Ordinance "violates the law" are not "plausibly suggestive" of a claim entitling Orlando Gliders to relief. See id. (noting "plausibly suggestive" claim must permit court to "infer more than the mere possibility of misconduct"); see also Graves v. Houston, 1997 WL 627557 at *1-12, *9 (D. Mass. Sept. 16, 1997), quoting McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) ("[o]ur duty to be less stringent with *pro se* complaints does not require us to conjure up unpled allegations."). Rather, the allegations in the Complaint simply amount to unintelligible "labels and conclusions" that cannot survive a motion to dismiss. See Twombley, 550 U.S. at 545; Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992), quoting Dewey v. University of New Hampshire, 694 F.2d 1, 3 (1st Cir. 1982) ("A plaintiff may not . . . rest on 'subjective characterizations' or conclusory descriptions of 'a general scenario which *could* be dominated by unpleaded facts'").

As discussed above, Orlando Gliders' vague references to the "ADA" and to 42 U.S.C. § 1981 similarly fail to establish any claims upon which this Court can grant relief. See *supra* pp. 6-8. First, where Orlando Gliders only references 42 U.S.C. § 1981 in the Civil Cover Sheet accompanying the Complaint, and has offered no factual allegations in the Complaint to support a cause of action under it, it cannot sustain that claim. See *supra* pp. 7-8. Additionally, Orlando Gliders fails to explain the reference to the "ADA" in the Complaint and similarly offers no facts

to support any claim that the Ordinance is somehow violative of any provision of the ADA. See Complaint. Orlando Gliders even fails to set forth a "formulaic recitation of the elements" of a claim under the ADA, a standard the Iqbal Court held is insufficient show that the plaintiff is entitled to relief. See Iqbal, 129 S. Ct. at 1951. Yet even if Orlando Gliders *had* successfully surmounted the initial hurdles of properly pleading the statutes in the Complaint, neither statute can offer it any relief. Orlando Gliders has pled no instances of racial discrimination by the City that would implicate a Section 1981 claim, and has not pled any basis for its standing to sue the City for an ADA violation on behalf of third parties. See *supra* pp. 6-8. In short, the allegations in the Complaint fail to rise above the "speculative level" necessary to state a facially plausible claim and to permit Orlando Gliders to proceed beyond the motion to dismiss stage. See Twombley, 550 U.S. at 555. Therefore, where Orlando Gliders has failed to plead any claims upon which this Court can offer it relief, its Complaint must be dismissed.

## V. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court dismiss Orlando Gliders' Complaint with prejudice.

Respectfully submitted,

CITY OF BOSTON
William F. Sinnott
Corporation Counsel
By his attorneys:

/s/ Catherine A. Lizotte
Evan C. Ouellette, BBO #655943
Catherine A. Lizotte, BBO #666468
Assistant Corporation Counsel
City of Boston Law Department
Room 615, City Hall
Boston, MA 02201
(617) 635-4048 (ECO)
(617) 635-3215 (CAL)

Date: August 15, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2011, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ Catherine A. Lizotte
Catherine A. Lizotte