UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11095 GAO

ORLANDO GLIDERS, INC.,
    Plaintiff,

v.

CITY OF BOSTON, GREENWAY
CONSERVANCY, BOSTON PARKS GROUP,
and UNKNOWN DEFENDANTS,
    Defendants.

## DEFENDANT, CITY OF BOSTON'S[1] OPPOSITION TO PLAINTIFF'S MOTION TO CHANGE PLAINTIFFS

### I. INTRODUCTION

Defendant, City of Boston ("City"), hereby respectfully opposes Plaintiff, Orlando Gliders Inc.'s ("Orlando Gliders") Motion to Change Plaintiffs. Orlando Gliders seeks to substitute four individuals for itself as plaintiffs in this action without alleging how any of those individuals is entitled to relief with respect to the allegations in its Complaint. Thus, substitution of the plaintiff in this matter would not cure the defects in Orlando Gliders' Complaint that the City addresses in its pending motion to dismiss and accompanying memorandum. The City therefore requests that this Court deny Orlando Gliders' motion.

---

[1] The plaintiff further names as a defendant "Boston Parks Group," which the City assumes references the City of Boston Parks & Recreation Department since it is not aware of a "Boston Parks Group." The Boston Parks & Recreation Department is a department of the City and is not a separate entity subject to suit. See Stratton v. City of Boston, 731 F. Supp. 42, 46 (D. Mass. 1989).

## II. ARGUMENT

### A. This Court Should Deny Orlando Gliders' Motion Where the Substitution of Four New Plaintiffs Will Not Cure the Defects in Orlando Gliders' Complaint.

In its motion, Orlando Gliders asks this Court to substitute four individuals as plaintiffs for Orlando Gliders in this action: Allan Danley, Greg Besher, Andy Bartlett, and Cheryl Sabien. The motion does not contain any other information about these individuals, and does not allege that any of them has a right to relief in this action.[2] While Rule 15(a)(2) of the Federal Rules of Civil Procedure states that the court should "freely give leave" to a party to amend its pleadings, the court may deny leave to amend if the proposed amendment would be "futile." Brown v. Bank of America Corp., Slip Copy 2011 WL 1311278 (D. Mass. Mar. 31, 2011), citing Epstein v. C.R. Bard, Inc., 460 F.3d 183, 191 (1st Cir. 2006). Specifically, "where an amendment . . . would serve no legitimate purpose, the district court should not needlessly prolong matters." Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 59 (1st Cir. 1990), rev'd on other grounds, Educadores Puertorriquenos en Accion v. Hernandez, 367 F.3d 61 (1st Cir. 2004).

Here, substituting the four named individuals as plaintiffs would do nothing to cure the defects in Orlando Gliders' Complaint. As set forth in the City's motion to dismiss and accompanying memorandum, Orlando Gliders has failed to allege in its Complaint sufficient grounds for this Court to exercise subject matter jurisdiction over the action, and has failed to state any legal claim upon which relief may be granted. The substitution of four new individuals as plaintiffs, none of whom Orlando Gliders alleges has any right to relief or interest in this action, does not save its Complaint from dismissal. Thus, Orlando Gliders' motion fails.

---

[2] Allan Danley, one of the proposed plaintiffs, signed the Complaint in this action on behalf of Orlando Gliders in its pro se capacity. The City does not know whether any of the other proposed plaintiffs has any connection or relationship to Orlando Gliders.

III. CONCLUSION

For the foregoing reasons, the City respectfully requests that this Court deny Orlando Gliders' Motion to Change Plaintiffs.

        Respectfully submitted,

        CITY OF BOSTON
        William F. Sinnott
        Corporation Counsel
        By his attorneys:

        /s/ Catherine A. Lizotte
        Evan C. Ouellette, BBO #655943
        Catherine A. Lizotte, BBO #666468
        Assistant Corporation Counsel
        City of Boston Law Department
        Room 615, City Hall
        Boston, MA 02201
        (617) 635-4048 (ECO)
        (617) 635-3215 (CAL)

Date: September 9, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on September 9, 2011, this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

        /s/ Catherine A. Lizotte
        Catherine A. Lizotte