UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11095-GAO

ORLANDO GLIDERS, INC., d/b/a BOSTON GLIDERS
Plaintiff,

v.

CITY OF BOSTON, GREENWAY CONSERVANCY, BOSTON PARKS GROUP and
UNKNOWN DEFENDANTS,
Defendants.

## OPINION AND ORDER
March 8, 2012

O'TOOLE, D.J.

The plaintiff, Orlando Gliders, d/b/a "Boston Gliders", is a company that conducts Segway tours in the City of Boston. The plaintiff alleges that the Boston City Council's passage of Docket # 0555, an ordinance regulating such tours, has unlawfully damaged its business. The plaintiff moved for a Temporary Restraining Order and Injunctive Relief, which this Court denied. The plaintiff also asks that this Court to order a stay of proceedings regulating Segway tours in Boston and to vacate Docket # 0555 and order the defendants to collect more data and facts to "ensure a law is put in place to enhance and ensure all are safe." (Pl.'s Compl. 3 (dkt. no. 1.))  The defendant has moved to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Although the plaintiff moved for an extension of time to file a response to the motion to dismiss, the only response has been a motion to substitute plaintiffs.

On June 15, 2011, the Boston City Council passed Docket # 0555 ("the Ordinance"), a proposed ordinance regulating the use of Electric Personal Assistive Mobility Devices ("EPAMDs"), including Segways, in the City of Boston. More specifically, the Ordinance restricts the use of EPAMDs on public property in Boston, including public ways, sidewalks, parks, and bicycle paths. The ordinance has an exception for tour operators and their customers and for disabled persons. Tour operators can obtain licenses to operate EPAMDs on public streets in Boston on routes approved by the Boston Transportation Department.

The defendant argues that the plaintiff's case should be dismissed because no subject matter jurisdiction exists for this Court to hear the suit. See 28 U.S.C. §§ 1331-1332.

In the absence of diversity jurisdiction, see 28 U.S.C. § 1332, which has not been alleged here and clearly does not exist, a federal court will generally only have subject matter jurisdiction under 28 U.S.C. § 1331, the other plausible source of jurisdiction, "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); see also Johnasen v. United States, 506 F.3d 65, 68 (1st Cir. 2009) ("The party advocating jurisdiction must make clear the grounds on which the court may exercise jurisdiction.")

In the complaint, the only explicit reference made to federal law is a one sentence allegation that the Ordinance violates the Americans with Disabilities Act ("ADA").[1] Such a vague allegation is not strong enough to support federal question jurisdiction. The basis for jurisdiction is plainly not apparent from the face of the plaintiff's complaint.

The only other reference to federal question jurisdiction is contained not in the complaint itself but on the Civil Cover Sheet, where the plaintiff lists "Title 42 Section 1981" as the nature

---

[1] More specifically, the plaintiff alleges: "Docket #0555 violates private user with rules that violate the guidelines and laws of the ADA." (Pl.'s Compl. 2).

2

of the cause of action. Section 1981 "offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship . . ." <u>Fantini v. Salem State College</u>, 557 F.3d 22, 33-34 (1st Cir. 2009). The complaint here offers no factual support for such a claim. The plaintiff certainly makes no allegation of racially discriminatory treatment by the defendant; the complaint itself makes no reference to 42 U.S.C. § 1981.

No basis for subject matter jurisdiction appears from the complaint, and the motion to dismiss (dkt. no. 5) must therefore be GRANTED. The motion to change plaintiffs (dkt. no. 8) is MOOT.

It is SO ORDERED.

                  <u>/s/ George A. O'Toole, Jr.</u>
                  United States District Judge